Battle, J.
 

 The first question which this case presents is, whether it is properly constituted in the Court. The counsel for the defendants contend, that the writ of
 
 certiorari
 
 will not lie to bring up any cause from the Courts of Equity to the Supremo Court, but that if it will, this is not a proper case for its application. The ground of objection to the use of the writ in an equity cause is, that there is no such necessity for it, as there is in a suit at law, and that, therefore, it ought not to be allowed; and further, that no instance of its allowance
 
 *198
 
 heretofore can. be shown. The reason alleged, to show that there is no necessity for its use is, that if there be error in any order or decree in Equity, it may be corrected upon a petition to rehear, or a bill of review. The obvious reply is, that except in the highest tribunal for the decision of equity
 
 causes,
 
 these remedies are inadequate, because the parties will still have a right to carry the cause up to the highest court, and it will be an unnecessary and unreasonable delay to prevent their doing so, in the first instance by an appeal, or, if that be lost without the default of the party seeking it, by a proceeding in the nature of an appeal. This delay, in a case like the present, of an order dissolving an injunction, will often put the part}1, to a serious, if not fatal, inconvenience, and ought to be avoided, if possible.
 
 ~We
 
 think it may be avoided by giving a fair construction to the provisions of the Hevised Code upon this subject. In the 6th section of the 33rd chapter, (the act which establishes the Supreme Court) it is enacted that “ the court shall have power to hear and determine all questions at law brought before it, by appeal, or otherwise, from a Superior Court of' law, and to hear and determine all cases in Equity by an appeal, or removal from a court of equity;” and in another paragraph of the same section, it is declared that the Court “ shall also have power
 
 t&>
 
 issue writs of
 
 certiorari, scire f acias, habeas corpus, mai&da-mus,
 
 and all other writs which may be proper and necessary for the exei’eise of its jurisdiction, and agreeable to the principles and usages of law, &c.” The 22nd section of the 4th chapter, provides that “ appeals shall loe allowed from any final judgment, sentence or decree of the Superior Court of law, or court of equity, court of oyer and terminer and the next succeeding section declares that “ the' Superior Court may, whenever it shall be deemed proper, alfew an appeal to the Supreme Court from any interlocutory judgment, sentence, or decree, at law, or in equity, at the instance of the party dissatisfied therewith, upon such terms as shall appear to the Court just and equitable.”. The 25th section of the same act makes it the duty of the clerk of the Superior Court
 
 *199
 
 of law, and the clerk and master in equity, to file with the clerk of the Supreme Court, in proper time, a transcript of the record and proceedings of the causes in their respective courts, in which appeals have been taken; though by the section which next follows, the appellant himself may file the transcript if he chooses. It is seen by a reference to these enactments, that the right of appeal from the judgments or decrees final or interlocutory, of the Superior Courts of law and the Courts of Equity, to the Supreme, is put upon the same footing in every respect. If this right be lost in any case in a Superior Court of law, without any default of the appellant-, it is admitted that he may take his case up by the writ of certiorari, and we cannot perceive any sufficient reason why he may not have the same mode of taking up a case from a Court of Equity under similar circumstances. Suppose that, upon a petition to rehear, or a bill of review, the cause were decided against him a second time, and he should, without the slightest negligence, make another ineffectual attempt to appeal, would he bo without redress ? Can any other mode than that by a writ of
 
 certiorari
 
 be devised for him to have his cause reviewed in the highest tribunal of the State? Until such be brought to our attention we shall feel ourselves bound to give to the party praying an appeal, and prevented by unavoidable obstacles from availing himself of it, the benefit of that writ. The circumstances-of the present case fully entitle the party to the favour of the Court. It is in truth the case of the wife, and if the husband had been less attentive than he.was, we should think that her interest ought to be protected so far, at least, as to have it passed upon by this Court. '
 

 The cause being thus properly before us, wre have- no hesitation in saying that the order dissolving the injunction was erroneous and ought to be reversed. The counsel for the defendants have contended in support, of the order, 1st, that at the time of her marriage, Mary Eliza Melvin was under age, and could not, on that account, make a valid conveyance of her slaves so as to prevent their becoming the property of
 
 *200
 
 her husband. 2ndly. That she took a contingent interest only in tlie slaves under the will of her father, which did not pass by the conveyance to her trustee; and that when they became vested, it was after her marriage, and that thereby they became the property of her husband, and liable to be seized for his debts. The first of these propositions is directly opposed by the cases of
 
 Freeman
 
 v.
 
 Cook,
 
 6 Ire. Eq. Rep. 373, and
 
 Satterfield
 
 v. Riddick, 8 Ire. Eq. Rep. 271, and the reason given for the decisions is unreasonable, to wit, “ that it cannot be to her prejudice, but must be to her advantage, if it secure to her or her issue any thing; since, without the settlement, the whole would go to her husband, absolutely, on her marriage.” The other proposition we deem it unnecessary to decide, because the trustee cannot be allowed to urge it, even supposing it were true, and the consequence deducible from it legitimate. The defendant Melvin has, by his solemn deed, agreed to accept the conveyance, and to hold the slaves, in trust, for the sole and separate use of his, sister; and it would violate every principle of justice and fair dealing to allow him now to repudiate the title in himself, and treat the slaves as the property of the husband by subjecting them to the payment of his debts against the husband. The interlocutory order from which the appeal is taken, must be reversed, with costs against both defendants, which will be certified to the Court of Equity below.
 

 Feb Cueiam, . Decree accordingly.